**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

MITCHELL TECONCHUK,                                                             PLAINTIFF
ADC #158686

v.                                        5:18CV00125-JM-JTK

DEWAYNE DUDLEY, et al.                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr..   Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.   If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence proffered at the hearing before the District Judge (if such a Hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.        The detail of any testimony desired to be introduced at the hearing before

1

the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I.    Introduction

Plaintiff Mitchell Teconchuk is a state inmate incarcerated at the Grimes Unit of the Arkansas Division of Correction (ADC), who filed this pro se action pursuant to 42 U.S.C. § 1983, alleging sexual assault and harassment by Defendant Dudley while incarcerated at the Pine Bluff Unit.[1] (Doc. No. 2)

This matter is before the Court on Plaintiff's Motions for Default Judgment and Judgment. (Doc. Nos. 37, 45) Defendant Dudley has not responded to either Motion, despite the Court's Orders of February 26, 2021, and July 15, 2021. (Doc. Nos. 39, 45)

### II.    Plaintiff's Complaint and History of the Case

Plaintiff alleged in his Complaint that while incarcerated at the Pine Bluff Unit during the

---

[1]    Plaintiff's defamation claim and Defendant Arkansas Department of Correction were dismissed on June 12, 2018. (Doc. No. 7).

beginning of March 2018, Correctional Officer Dudley made sexual advances and demands toward him. (Doc. No. 2) Dudley also threatened to contact Plaintiff's wife and family about their supposed relationship and threatened to have Plaintiff harmed by other inmates. Dudley paid gang members with drugs, cell phones, and tobacco to force Plaintiff to have sex with him on several occasions, which caused Plaintiff to become stressed and depressed. Plaintiff reported the actions to the infirmary and filed a grievance about the incidents on May 1, 2018. According to the Warden's response to the grievance, the matter was forwarded to Internal Affairs and the Arkansas State Police for investigation.

Plaintiff then filed this lawsuit on May 17, 2018, and the Court granted his Motion to Proceed in forma pauperis and issued summons and service of the Complaint against Defendant Dudley on May 22, 2018. (Doc. No. 4) Summons was returned, unexecuted on June 22, 2018, with a last-known address for Dudley filed under seal (Doc. No. 9). Summons was then reissued on July 10, 2018, and returned executed on August 1, 2018, and Defendant Dudley filed a pro se answer on August 16, 2018. (Doc. Nos. 13, 15, 16) The Court issued a Scheduling Order on August 20, 2018. (Doc No. 17) On April 2, 2019, the Court issued an Order asking the parties to respond as to whether discovery was completed, whether the parties were ready to proceed to trial or discuss settlement, and whether Defendant Dudley intended to hire counsel to represent him. (Doc. No. 20) Although Plaintiff responded in the affirmative to all questions except Dudley's representation (Doc. No. 21), Dudley did not respond. On July 4, 2019, the Court appointed attorney Emily Helmick to represent Plaintiff, and a jury trial was then set for the week of August 3, 2020, before United States District Judge James M. Moody, Jr. (Doc. Nos. 23, 25)

On July 27, 2020, the Court struck from the record Defendant's answer (Doc. No. 32), and

3

on July 30, 2020, the Court granted Plaintiff's Motion to continue the trial and the Clerk entered default against Defendant Dudley. (Doc. No. 35) Plaintiff filed a Motion for Default Judgment on February 23, 2021, and the Court directed Defendant Dudley to respond within fifteen days on February 26, 2021. (Doc. Nos.37, 39) Dudley did not respond to the motion or appear at the June 16, 2021 default judgment hearing.

### III.    Default Judgment Hearing

Plaintiff appeared at the hearing and testified that at the time of the incidents he was housed at the Pine Bluff work complex. Defendant Dudley brought contraband into the prison and used it to try and pressure several inmates to have sex with him. Dudley touched Plaintiff and paid people in drugs to put pressure on Plaintiff so Dudley could get what he wanted. On two occasions about a week and a half apart, Dudley called Plaintiff to the control booth, where he made Plaintiff perform oral sex on him and other sexual favors. Dudley threatened that he would tell other inmates to "deal" with Plaintiff if he did not comply. Plaintiff reported the incidents to the infirmary after the second incident and asked that several of the inmates be placed on his enemy alert list. Defendant Dudley was terminated from his job that same day and Plaintiff was transferred to another Unit. Plaintiff testified that the incidents caused mental stress and resulted in a lot of drama, gossip, and problems with his family. A year and a half later he suffered from a "burst" stomach ulcer which was caused by stress, according to the infirmary. Plaintiff stated he never willingly engaged in the acts with Dudley and felt forced and coerced by his threats to tell inmates and have him be harmed.

In his Motion for Judgment, Plaintiff requested $5,000 for pain and suffering and $5,000 as punitive damages.

4

**IV.    Analysis**

Even when a Defendant is in default and the Clerk has entered default pursuant to

FED.R.CIV.P. 55(a), the Court has broad discretion in determining the circumstances under which

a default judgment should enter. Federal Trade Comm'n v. Packers Brand Meats, Inc., 562 F.2d

9, 10 (8th Cir. 1977) "This element of discretion makes it clear that the party making the request

is not entitled to a default judgment as of right, even when defendant is technically in default and

that fact has been noted under Rule 55(a)." WRIGHT & MILLER, 10A Federal Practice & Procedure

§2685 (3d ed. 1998).

To support an Eighth Amendment claim of sexual harassment, Plaintiff must prove that

Defendant's actions caused pain, and that Defendant acted with a sufficiently culpable state of

mind. Farmer v. Brennan, 511 U.S. 825, 834-35 (1994); Freitas v. Ault, 109 F.3d 1335, 1338 (8th

Cir. 1997). Sexual abuse or harassment of an inmate by a corrections officer "can, in certain

circumstances, constitute the 'unnecessary and wanton infliction of pain.'" Freitas, 109 F.3d at

1338 (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986) (other citations omitted)). The

objective pain requirement does not require significant injury, and an allegation of nonroutine pat

downs and verbal harassment supported such a claim in Berry v. Oswalt, 143 F.3d 1127, 1133 (8th

Cir. 1998). In this particular case, Plaintiff testified that Defendant coerced him into performing

sexual acts by threatening him with harm on at least two occasions, and that such actions caused

him mental stress and harassment from other inmates. The Court finds that his undisputed

testimony supports his constitutional claim for relief against Defendant Dudley.

Since Plaintiff filed this action as a prisoner, his damages claims are limited by the Prison

Litigation Reform Act (PLRA), which provides that "[n]o Federal civil action may be brought by

a prisoner … for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.SC. § 1997e(e).[2]  In this case, Plaintiff asks for damages for pain and suffering in the amount of $5,000, and claimed at his hearing that the stress associated with the sexual assaults/harassment led to the perforation of his stomach ulcer. Plaintiff provided medical records to show that he suffered a stomach ulcer perforation on or about June 18, 2019, which required surgical repair and resulted in twenty-one staples in his stomach. Plaintiff testified that the infirmary told him the perforation was caused by stress. Although Plaintiff provided little proof to link the sexuall incidents to the perforated ulcer, the Court finds that Plaintiff should recover $5,000 for mental or emotional injury he suffered.

In addition, punitive damages may be assessed when a "defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Id. (quoting Smith v. Wade, 461 U.S. 30, 56 (1983)). In this

---

[2]  Title 18 U.S.C. § 2246 (2) provides:

"the term "sexual act" means—

**(A)** contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight;
**(B)** contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;
**(C)** the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or
**(D)** the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person;"
!

case, the Court finds that Defendant's undisputed reckless and callously-indifferent actions caused Plaintiff "unnecessary and wanton infliction of pain" which warrants an award of punitive damages. See Whitley, 475 U.S. at 319.

As noted earlier, Plaintiff requested $5,000 for pain and suffering and mental anguish and $5,000 in punitive damages. Based on the Plaintiff's testimony, Defendant's failure to defend, and the above-cited case law, the Court finds Plaintiff should be awarded $5,000 compensatory damages for pain and suffering due to the rapes, and punitive damages in the amount of $5,000.[3]

## V.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.    Plaintiff's Motions for Default Judgment and Judgment (Doc. Nos. 37, 45) be GRANTED.

2.    Plaintiff shall have Judgment against Defendant in the amount of $5,000 compensatory damages and $5,000.00 punitive damages.

IT IS SO RECOMMENDED this 4th day of August, 2021

_____

JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court thanks Plaintiff's appointed counsel, Emily Helmick Hart, for her work in representing Plaintiff.